UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

**05 CV 5134**

JUDGE KAPLAN

[USA BURNETT?],

        Plaintiff,

-against-

MITSUI & CO. (USA), INC.,

        Defendant.

----------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

[RECEIVED MAY 31 2005 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff is a female American of Korean descent and is a resident of the State of New York, County of New York.

2. Upon information and belief defendant, MITSUI & CO. (USA), INC., is a corporation incorporated under the laws of the State of New York having its principal place of business at 200 Park Avenue, New York, NY 10166.

## JURISDICTION

3. Jurisdiction is founded on Title VII of the Civil Rights Act of 1964 (42 USCA § 2000(e) *et seq.*), the Equal Pay Act of 1963 (29 USCA §§ 206(d) and 216(b)), § 16(b) of the Fair Labor Standards Act (29 USCA §§ 206(a), 207(a), 216(b) and 28 USCA § 1337.)

4. On March 16, 2005 the EEOC issued plaintiff a Notice of Right to Sue Within 90 Days letter, attached hereto.

## VENUE

5. Venue is predicated upon 28 U.S.C. § 1391(b), (c) and (d) since the defendant is a resident of, has an agent or agents, or transacted its affairs in the Southern District of New York, and the acts and occurrences in furtherance of the claims alleged herein arose in the Southern District of New York.

## FIRST CLAIM

6. Plaintiff has been employed by defendant since April 1997.

7. Plaintiff was hired as a Marketing Assistant at a starting salary of $28,500.

8. Plaintiff is a college graduate with a business degree from the Stern School of Business, NYU.

9. On or about April 16, 2002 plaintiff was allegedly promoted to the position of Senior Associate Marketing Manager. As such she was supposed to perform the functions of an account manager for the Inorganic Chemical Department.

10. The above promotion was in name only. The work plaintiff performed required no decision-making or discretion.

11. On information and belief, male employees with the title Senior Marketing Manager have more discretion and decision-making authority. When plaintiff was hired plaintiff's company grade was T10. Plaintiff's current grade is still T10.

12. In or about June 2004 it came to plaintiff's attention that male employees performing the same functions with the same responsibilities were receiving increases greater than and/or were paid on a higher level than plaintiff.

13. On information and belief, Japanese employees are compensated at a higher rate than non-Japanese employees performing similar functions.

14. On or about June 10, 2004 plaintiff requested a salary increase commensurate with salaries paid to male employees performing similar functions.

15. Plaintiff was refused a raise and told that her responsibilities would be decreased so that she would no longer be underpaid. At the time she was earning $53,856.

16. She was also told by her immediate supervisor, Koji Kakinuma, that Mitsui is a Japanese company so that she would understand.

17. Plaintiff is currently earning $55,212 a year. On information and belief, male employees on the same level are earning substantially more.

18. On or about October 23, 2000 defendant hired a white male of Greek ancestry as a marketing assistant to perform similar functions as plaintiff when she was hired. He was given a starting salary of $49,000. At the time he was hired he was approximately 28 years old and had a business degree from Hofstra.

19. The said male employee received a $3,000 increase in 2002 and a $6,000 increase in 2003.

20. During the same period plaintiff received increases of $1,150 and $1,350. Thus, during said period the male employee's increases were approximately 3.6 times greater than plaintiff's.

21. When the said male employee resigned from defendant company after approximately four years he was earning approximately $59,000. At that time plaintiff was earning $55,212 after seven years of employment.

22. Upon information and belief, at the time of his resignation the said male employee was an Assistant Marketing Manager while plaintiff was designated as a Senior Associate Marketing Manager.

23. During the times heretofore mentioned all of plaintiff's employment evaluations were satisfactory and on occasion indicated that performance had "consistently exceeded expectations and objectives."

24. On or about June 22, 2004 plaintiff's attorney at her request sent a letter to defendant setting forth plaintiff's position that she was not paid commensurate to male employees performing the same functions.

25. Thereafter, plaintiff's job responsibilities and her contact with other employees diminished as follows:

(a) she was not asked to attend an overseas sales conference she had always attended in the past;

(b) she was not asked for sales figures as in the past;

(c) she no longer received e-mail directly from defendant's Vice-President, Hiroyuki Takahashi, but only received department copies;

(d) her male co-workers would not, as in the past, reply directly to plaintiff's e-mail; replies were received from their female assistants;

(e) her immediate supervisor, Koji Kakinuma, told her he was watching her time;

(f) her last evaluation, although still satisfactory, was less favorable than her previous evaluations.

26. As set forth above, defendant violated plaintiff's right to a workplace free from discrimination because of gender, race and ethnicity.

27. As set forth above, defendant violated plaintiff's right to be free from retaliation for having expressed her views concerning discrimination because of gender, race and ethnicity.

28. Due to the discrimination, retaliation and unfair treatment committed by defendant through its supervisors, plaintiff suffered and continues to suffer emotional distress, mental anguish and physical harm.

## SECOND CLAIM

29. Plaintiff repeats and realleges as if set forth the allegations contained in Paragraphs 1 through 32 herein.

30. As set forth in the facts alleged above, defendant has also violated the provisions of Section 296 *et seq.* of the New York State Executive Law.  THIRD

## THIRD CLAIM

31. Plaintiff repeats and realleges as if set forth the allegations contained in Paragraphs 1 through 34 herein.

32. According to the facts alleged above, defendant has also violated the provisions of Title 8 of the New York County Administrative Code.  FOURTH

## FOURTH CLAIM

33. Plaintiff repeats and realleges as if set forth the allegations contained in Paragraphs 1 through 28 herein.

34. According to the facts alleged above, defendant has also violated the provisions of the Equal Pay Act of 1963.

## FIFTH CLAIM

35. Plaintiff repeats and realleges as if set forth the allegations contained in Paragraphs 1 through 30 herein.

36. According to the facts alleged above, defendant has also violated the provisions of Section 194 of the New York State Labor Law.  SIXTH

## SIXTH CLAIM

37. Plaintiff repeats and realleges as if set forth the allegations contained in Paragraphs 1 through 36 herein.

38. This claim is to recover from defendant unpaid overtime compensation as well as an additional equal amount as liquidated damages and costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 USCA §§ 201-219.

39. Jurisdiction is conferred on the Court by 28 USCA § 1337 and § 16(b) of the FLSA.

40. At all times pertinent to this complaint plaintiff was employed by defendant and defendant was engaged in interstate commerce and had gross annual sales of at least $500,000 within the meaning of the Fair Labor Standards Act.

41. Since in or about September 1999 defendant failed to comply with the Fair Labor Standards Act in that plaintiff has worked for defendant in excess of the maximum hours provided by the Act but was not paid by defendant at the rate of time and one-half for the hours worked by plaintiff in excess of the hours provided for in the statute.

42. Plaintiff is not exempt from receiving overtime pay as an executive, professional or administrative employee.

43. Plaintiff's work week has been from 9:00 a.m. to 5:00 p.m. with a half hour for lunch Monday through Friday.

44. Plaintiff received overtime compensation until on or about September 1999.

45. On information defendant has not kept records of the hours plaintiff since September 1999 worked although required to do so. During such time plaintiff regularly worked